**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. 08-cr-193-P-S |
| BRIAN K. ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER ON SENTENCE**

Brian Rogers entered a conditional plea to a one-count indictment charging possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  Among the issues that remain for resolution are the applicability of the two-level enhancement for distribution, U.S.S.G. § 2G2.2(b)(3)(F), and the five-level enhancement for "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain," U.S.S.G. § 2G2.2(b)(3)(B).  The Government takes the position that the five-level enhancement applies.  (See Gov't's Sentencing Mem. (Docket # 64) at 7.)  Mr. Rogers disagrees.  (See Def.'s Sentencing Mem. (Docket # 65) at 2.)  The Government and Mr. Rogers agree that the two-level enhancement applies in the event the five-level enhancement does not.  For the reasons that follow, the Court declines to impose the five-level enhancement, but imposes the two-level enhancement based on a determination that Mr. Rogers distributed at least one video of child pornography neither for pecuniary gain nor for the receipt of a thing of value pursuant to U.S.S.G. § 2G2.2(b)(3)(F).

**I.     BACKGROUND**

During the course of two interviews with members of the Maine State Police, the Brunswick Police Department, and the Naval Criminal Investigative Service, Mr. Rogers admitted that he used LimeWire, a file-sharing program that operates on the Gnutella network on

the Internet, to download to his laptop less than thirty videos depicting child pornography.[1] Although he said he does "not really" know how LimeWire works, (Gov't's Sentencing Mem. at 4), his responses to various questions demonstrate he has a rudimentary understanding.

The record shows that Mr. Rogers knows he obtained the videos by downloading them from other people.  He knows how to store videos he downloads, and is familiar with the process by which he can make a stored video unavailable to other people for downloading by specifically designating it "do not share."  (Id. at 3-6.)  He knows that other people could access his videos if he left them in his "shared directory," which is the default destination for downloaded videos. Apparently, he also believes (but is not sure) that other LimeWire users could access his videos even if they were on the "do not share" list, which is where he "usually" stored the videos he downloaded.  (Id. at 5-6.)  During a forensic analysis of Mr. Rogers's laptop, Detective Scot A. Bradeen of the Lewiston Police Department discovered several videos depicting child pornography; all but one "had been specifically excluded from sharing."  (Decl. of Scot A. Bradeen ¶ 12.)  The one video on Mr. Rogers's laptop that had not been excluded from sharing depicted minors engaged in sexual acts or exposing their genitalia.

## II.    DISCUSSION

### A.    The Guideline

The applicable sentencing guideline, U.S.S.G § 2G2.2, includes six enhancements that apply if the offense involved distribution of child pornography.  Each enhancement applies under specific circumstances.  Either one of the following, but not both, may apply to Mr. Rogers:

(3) (Apply the greatest) If the offense involved:

---

[1] Mr. Rogers moved to suppress these admissions on the ground they were obtained in violation of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).  (See Mot. to Suppress Evidence (Docket # 15).)  Following an evidentiary hearing, the Court denied Mr. Rogers's motion.  (See Order Affirming Recommended Decision of the Magistrate Judge on Mot. to Suppress (Docket # 48).)  When he pleaded guilty, Mr. Rogers reserved the right to appeal that order.  (See Conditional Plea (Docket # 60).)

. . .
(B) Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, increase by 5 levels.
. . .
(F) Distribution other than distribution described in subdivisions (A) through (E), increase by 2 levels.

U.S.S.G. § 2G2.2(b)(3)(B), (F) (2008).[2]  Even though the parties agree Mr. Rogers distributed at least one video depicting child pornography, the Court has an independent obligation to determine whether they are correct.  See United States v. Politano, 522 F.3d 69, 72 (1st Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007)).  If they are, the Court must then determine whether Mr. Rogers is subject to the five-level enhancement because he distributed that video "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain."  U.S.S.G. § 2G2.2(b)(3)(B).  In the event the Court finds that Mr. Rogers's conduct qualifies as distribution, but not as distribution for the receipt of a thing of value, the Court will impose only the two-level distribution enhancement.

### B.    Distribution

A child pornography offense that involves "distribution" triggers at least a two-level enhancement.  U.S.S.G. § 2G2.2(b)(3)(F).  The Application Notes define "distribution" as follows:

---

[2] In 2000, the United States Sentencing Commission adopted these two distribution enhancements along with others, including one covering distribution for pecuniary gain.  See U.S.S.G. App'x C, amend. 592.  Before 2000, the distribution enhancement was considerably simpler:  "If the offense involved distribution, increase by the number of levels from the table in § 2F1.1 corresponding to the retail value of the material, but in no event less than 5 levels."  U.S.S.G. § 2G2.2(b)(2) (2000).  At that time, the Application Notes defined "distribution" to "include[] any act related to distribution for pecuniary gain, including production, transportation, and possession with intent to distribute."  Thus, before the 2000 amendment, the guideline itself did not distinguish between gratuitous distribution and distribution for pecuniary gain or like-kind exchange.  The confusion the old guideline caused in the circuit courts is not immediately relevant to Mr. Rogers's case.  See United States v. Pearl, 324 F.3d 1210, 1216 (10th Cir. 2003) (identifying a circuit split on the issue of whether the old guideline covered gratuitous distribution); see also Protection of Children from Sexual Predators Act of 1998, Pub. L. No. 105-314, § 506, 112 Stat. 2974, 2982 (directing the Commission to amend § 2G2.2 to clarify that the term "distribution" applies to the distribution of pornography "for monetary remuneration" or "for a non-pecuniary interest").

> "Distribution" means any act, including possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor.  Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

U.S.S.G. § 2G2.2 cmt. n.1 (2008).  It appears that every circuit to have considered the issue has determined that a defendant who makes depictions of child pornography available for downloading by other users on a file-sharing network has committed a child pornography offense involving distribution under § 2G2.2(b)(3).  See United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009); United States v. Carani, 492 F.3d 867, 875-76 (7th Cir. 2007); United States v. Griffin, 482 F.3d 1008, 1010-12 (8th Cir. 2007); United States v. Geiner, 498 F.3d 1104, 1109-10 (10th Cir. 2007); United States v. Darway, 255 F. App'x 68, 72 (6th Cir. 2007); United States v. Mathenia, 409 F.3d 1289, 1290 (11th Cir. 2005); cf. United States v. Todd, 100 F. App'x 248, 250 (5th Cir. 2004), vacated on other grounds, 543 U.S. 1108, 125 S. Ct. 1039, 160 L. Ed. 2d 1031 (determining that making depictions of child pornography available for downloading by other users of a file-sharing network qualified as "trafficking," which then triggered a higher base offense level than mere possession).

The Court finds the Fourth Circuit's recent analysis in Layton most convincing.  Relying on the broad definition of "distribution" in the Application Notes, Layton holds that a defendant commits an act "'related to the transfer of material involving the sexual exploitation of a minor,'" and therefore qualifies for the two-level distribution enhancement, when he knowingly uses a file-sharing program that allows others to access child pornography files stored on his computer.  Layton, 564 F.3d at 335 (quoting U.S.S.G. § 2G2.2 cmt. n.1).  The Court also agrees with the Seventh Circuit's rejection of the argument that mere storage of a file in a shared folder is conduct too passive to trigger imposition of the distribution enhancement.  See Carani 492

4

F.3d at 875-76 (citing <u>United States v. Gunderson</u>, 345 F.3d 471, 473 (7th Cir. 2003)).  Although the act of file storage may, under ordinary circumstances, be an arguably passive exercise, it certainly is not where one knowingly installs a file-sharing program that automatically stores downloaded files in a shared directory, and one then proceeds to seek out and download depictions of child pornography.[3]

One sentencing court recommends that when faced with a potential two-level distribution enhancement, a court should consider

> (1) what type of [peer-to-peer] application the defendant utilized; [2] whether the defendant . . . downloaded or stored the child pornography in a shared folder which, typically by default, was made available for uploading; and [3] in perhaps rare cases, whether the defendant actually configured the [peer-to-peer] application settings in such a fashion to ensure that no files, or at least not his child pornography, were available for uploading.

<u>United States v. Handy</u>, No. 6:08-cr-180-Orl-31DAB, 2009 U.S. Dist. LEXIS 6471, at *8 (M.D. Fla. Jan. 21, 2009).  Following <u>Handy</u>, the Court notes that LimeWire, the application Mr. Rogers used, "is a peer-to-peer file sharing application that connects users who wish to share data files with one another."  <u>United States v. Lewis</u>, 554 F.3d 208, 211 (1st Cir. 2009).  Mr. Rogers downloaded child pornography over LimeWire and knew that if he did not put a video he downloaded on the "do not share" list, it would be available for others to download.  There is no evidence he reconfigured LimeWire to avoid this result.  Furthermore, whether or not he "usually" put videos he downloaded on the "do not share" list, Detective Bradeen discovered that one video depicting child pornography was available for downloading.  Even assuming this was inadvertent, the Court is confident that had he known this and wanted to put the video on the "do

---

[3] The Court notes that several decisions rely on the Tenth Circuit's determination in <u>United States v. Shaffer</u>, 472 F.3d 1219 (10th Cir. 2007), that this conduct supports a conviction under 18 U.S.C. § 2252A(a)(2)(A), the statute criminalizing distribution of child pornography.  <u>See, e.g.</u>, <u>Darway</u>, 255 F. App'x at 72.  Because <u>Shaffer</u> discusses the issue of criminal liability, not application of the sentencing guidelines, the Court is reluctant to rely on <u>Shaffer</u>, choosing instead to base its determination on the language of § 2G2.2(b)(3)(F) and the Application Notes.

not share list" he could have done so.  At any rate, Mr. Rogers knew that all files he downloaded would remain in the shared file without some intervention on his part.  Thus, notwithstanding the remote possibility that Mr. Rogers did not know others were downloading videos depicting child pornography from him, Mr. Rogers distributed, within the meaning of § 2G2.2(b)(3), the video that he stored on his laptop in a manner that he knew enabled other LimeWire users to access and download it.  The Court therefore imposes at least the two-level enhancement for distribution pursuant to § 2G2.2(b)(3)(F).

### C.    Distribution for the Receipt of a Thing of Value

Distribution for the receipt, or expectation of receipt, of a thing of value triggers a five-level enhancement.  U.S.S.G. § 2G2.2(b)(3)(B).  The Application Notes clarify that distribution "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain"

> means any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit.  "Thing of value" means anything of valuable consideration.  For example, in a case involving the bartering of child pornographic material, the "thing of value" is the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received.

U.S.S.G. § 2G2.2 cmt. n.1 (2008).  The Government takes the position that the Court should impose the five-level enhancement because Mr. Rogers used LimeWire to download child pornography knowing that other people could access videos he downloaded and stored on his laptop.  (Gov't's Sentencing Mem. at 7.)

The leading case that supports the Government's position is United States v. Griffin, in which the Eighth Circuit held that the five-level enhancement "applies to a defendant who downloads and shares child pornography files via an internet peer-to-peer file-sharing network, as these networks exist—as the name 'file-sharing' suggests—for users to share, swap, barter, or trade files between one another."  482 F.3d 1008, 1013 (8th Cir. 2007); accord United States v.

6

McVey, 476 F. Supp. 2d 560, 563 (E.D. Va. 2007) (preceding Griffin and concluding that the enhancement applies based on the "undisputed" nature of file-sharing networks). The Griffin court emphasized that the defendant downloaded child pornography files from others on the network and knew that others could download the files from him. On these facts, which in effect amount to nothing more than knowing, ordinary use of a file-sharing network, the court found the Government had met its burden of establishing that the defendant expected to receive child pornography "when he used the file-sharing network to distribute and access child pornography files." Id.

Several other panels of the Eighth Circuit have followed Griffin. See United States v. Moore, 572 F.3d 489 (8th Cir. 2009) (noting the enhancement was "clearly applicable" because the defendant "downloaded and shared child pornography files via an internet peer-to-peer file-sharing network"); United States v. Stults, 575 F.3d 834, 847-49 (8th Cir. 2009) (observing that the requisite finding that the defendant distributed pornography for the receipt of a thing of value can be made on the basis of circumstantial evidence, and that knowing distribution over LimeWire suffices); United States v. Ultsch, No. 08-3794, 2009 U.S. App. LEXIS 19308, at *4-7 (8th Cir. Aug. 27, 2009) (same). Only one district court has explicitly done so. See United States v. Bastian, No. 08-CR-1327-LRR, 2009 U.S. Dist. LEXIS 73764, at *20-25 (N.D. Iowa Aug. 20, 2009) (refusing to consider arguments that Griffin, which is binding on the court, was wrongly decided). It thus appears in the Eighth Circuit that if the defendant is found to have distributed child pornography because the defendant (1) was a member of a file-sharing network, (2) downloaded child pornography from others on the network, and (3) knowingly stored child pornography in a shared folder, the five-level enhancement likely applies as well.

The Tenth Circuit criticized the holding in <u>Griffin</u>, which it characterized as requiring imposition of the enhancement "automatically" on every defendant who downloads and shares child pornography on a file-sharing network.  <u>United States v. Geiner</u>, 498 F.3d 1104, 1112 (10th Cir. 2007).[4]  According to <u>Geiner</u>, whether someone distributes files expecting a thing of value (commonly, but not always, more child pornography), is a question of fact that must be determined in each case:

> [A] defendant who distributes child-pornography files by sharing them on a file-sharing network does not necessarily do so in exchange for similar files, particularly when the defendant understands that these files are available even if he chooses not to share his own.  Rather, whether a defendant distributes files containing child pornography <u>for</u> the receipt, or expectation of receipt, of other files available on the network is a question of fact properly resolved on a case-by-case basis by the sentencing court.

498 F.3d at 1112 (emphasis in original).  Pointing to the fact that the defendant in <u>Geiner</u> stored child pornography in his shared folder with the expectation that he would become a "priority trader" and benefit from faster download speeds, the court imposed the five-level enhancement. <u>Id.</u> at 1112.  In reaching this conclusion, the Tenth Circuit addressed the defendant's arguments that he had neither engaged in any "transaction" nor had any expectation based on a concrete agreement with another person.  The court determined that distribution itself constitutes a "transaction," as that word is used in the Application Notes, and that one can "expect" a thing of value in the absence of "a specific agreement or understanding with other individuals."  <u>Id.</u> at 1109 (citing <u>United States v. Maneri</u>, 353 F.3d 165, 170 (2d Cir. 2003)).

Although <u>Geiner</u> is correct that the thing of value need not be tangible, and that a faster download speed likely qualifies, more common are cases where the defendant expected a tangible thing of value by like-kind exchange or by arranging an encounter with another person.

---

[4] <u>Geiner</u> went so far as to say that <u>Griffin</u> "allows for the application of the enhancement based merely on a defendant's installation of file-sharing software."  <u>Geiner</u>, 498 F.3d at 1111.  This is an over-statement.  <u>See</u> <u>Griffin</u>, 482 F.3d at 1013.

See, e.g., United States v. Whited, 539 F.3d 693, 699 (7th Cir. 2008) (imposing the enhancement where defendant sent images of child pornography to facilitate an encounter); United States v. Johnson, 450 F.3d 831, 833-34 (8th Cir. 2006) (same, where defendant traded videos with an undercover agent and expressed interest in an encounter with the agent's minor nieces); United States v. Salvatierra, 268 F. App'x 516, 517 (9th Cir. 2008) (same, where defendant emailed files along with messages indicating his interest in receiving additional files in exchange).  In other cases, defendants participated in file-sharing networks in such a way as to require others to furnish additional files before allowing them to download the files stored in the defendants' shared folders.  See United States v. Beach, 275 F. App'x 529, 531 (6th Cir. 2008); United States v. Moore, 279 F. App'x 404, 405 (7th Cir. 2008); United States v. Gunderson, 345 F.3d 471, 473 (7th Cir. 2003).  Each of these cases, unlike Griffin, includes facts that support a finding that the defendant expected something in return for sharing his child pornography with others.

The facts in this case do not support a finding that Mr. Rogers expected to receive anything in exchange for his distribution of the video stored in his shared folder.  Mr. Rogers may have expected to be able to access depictions of child pornography when he installed LimeWire on his laptop.  However, contrary to the apparent import of Griffin, the five-level enhancement requires more.  Mr. Rogers must have distributed child pornography for the receipt of a thing of value—not installed LimeWire for the receipt of a thing of value.  Because Griffin disregards the connection between distribution and thing of value, the Court declines to follow it and refuses to apply the five-level enhancement.

## III.   CONCLUSION

For the foregoing reasons, the Court determines that Mr. Rogers's offense involved distribution of child pornography, but not for the receipt, or expectation of receipt, of a thing of

value.   Therefore,  his  offense  level  will  be  increased  two-levels  pursuant  to  U.S.S.G.  §
2G2.2(b)(3)(F).

       SO ORDERED.

                             /s/ George Z. Singal
                             United States District Judge

Dated this 7th day of October, 2009.